MATTER OF KOZIELCZK

In Adjustment of Status Proceedings

A-12491782

*Decided by Deputy Associate Commissioner September. 6, 1966*

The statutory requirement that an applicant for refugee classification and for adjustment of status pursuant to the proviso to section 203(a)(7), Immigration and Nationality Act, as amended by P.L. 89-236, have been continuously physically present in the United States for a period of at least two years *prior* to application for adjustment of status, does not mean that such continuous physical presence must have been immediately preceding the date of the application.

The applicant seeks adjustment of status under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended on October 3, 1965 by Public Law 89-236. The District Director at Miami, Florida, on March 2, 1966, entered an order denying the application, on the ground that the applicant had not been continuously physically present in the United States for a period of at least two years prior to his application for adjustment of status, as required by that section. In reaching that decision the District Director concluded that the two-year period of continuous physical presence specified in the proviso to section 203(a)(7) of the Act, as amended, must have been acquired *immediately preceding* the application for adjustment of status.

The case has been certified to me by the District Director for review, pursuant to 8 CFR 103.4.

Section 203(a)(7) of the Immigration and Nationality Act, as amended, reads as follows:

Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 percentum of the number specified in section 201(a)(ii), to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (a) that (1) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area, or (II) from any country within the general area

785

of the Middle East, and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; or (B) that they are persons uprooted by catastrophic natural calamity as defined by the President who are unable to return to their usual place of abode. For the purpose of the foregoing the term 'general area of the Middle East' means the area between and including (1) Libya on the west, (2) Turkey on the north, (3) Pakistan on the east, and (4) Saudi Arabia and Ethiopia on the south: Provided, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status.

Section 245.4, Title 8, Code of Federal Regulations provides:

The provisions of section 245 of the Act and this Part shall govern the adjustment of status provided for in the proviso to section 203(a)(7) of the Act. Processing of applications for adjustment under the proviso to section 203(a)(7) and this section shall be initiated in each district in the chronological order in which the applicants last arrived in the United States. An alien who claims he is entitled to a preference status pursuant to the proviso to section 203(a)(7) of the Act shall execute and attach Form I-509A, Application for Classification as a Refugee under the Proviso to Section 203(a)(7), Immigration and Nationality Act. The determination as to whether an alien is entitled to the claimed preference status shall be made by the district director; no appeal shall lie from his determination.

Section 245.1(d), Title 8, Code of Federal Regulations, provides, in pertinent part, as follows:

An alien who claims preference status under the proviso to section 203(a)(7) of the Act is not eligible for the benefits of section 245 of the Act and as provided in § 245.4, unless the district director has approved the alien's Application for Classification as a Refugee under the Proviso to Section 203(a)(7), Immigration and Nationality Act.

From the foregoing citations it is clear that, in order to qualify for the adjustment of status which he is seeking, the alien must establish that: (1) he is a refugee as described in section 203(a)(7); (2) he has had the period of continuous physical presence required by the proviso to that section; and (3) he is otherwise eligible under section 245 and relating regulations in 8 CFR 245.

The applicant filed his application for adjustment of status as a permanent resident on January 18, 1966. In conjunction therewith he also submitted Form I-590A, Application for Classification as a Refugee under the Proviso to Section 203(a)(7), Immigration and Nationality Act, as amended.

The applicant is a 61-year-old native of Poland and citizen of Cuba. At an interview by an immigration officer at Miami on March 1, 1966, in connection with his applications, he testified that he had

emigrated to Cuba from Poland on February 11, 1926 and had become a Cuban citizen in 1933. In Cuba he had engaged in the textile business and had owned the building in which the business was located, valued in excess of $20,000. He had also owned an apartment house valued at more than $25,000, which had been expropriated by the Castro Government. The applicant further testified that for some time before he last left Cuba he had become disillusioned with the way the Castro Government was developing; that he became convinced it was Communist; that because of his own political convictions he could not live under a Communist-dominated government, and for that reason he decided to come to the United States. He stated that he had no trouble coming here from Cuba, as he already had a valid visitor's visa in his passport; that he entered the United States on January 22, 1961; that he has remained here continuously since that date except for an absence between May 14, 1964 and June 7, 1964, for the sole purpose of attending the unveiling of a headstone at the grave site of his mother in Israel on the first anniversary of her death.

In his application for classification as a refugee, the applicant has indicated that he is unwilling to return to Cuba because of his anti-Communist convictions.

The records of this Service confirm the applicant's admission as a temporary visitor on January 22, 1961, and that on September 13, 1961 he was granted permission by the Service to remain in this country indefinitely, pursuant to Service policy which had been adopted with respect to refugees from Cuba. The applicant's file further reflects that the applicant sought permission to depart temporarily from the United States and return; that pursuant to his request, Form I-512 Authorization for Parole of an Alien into the United States Pursuant to section 212(d)(5) of the Immigration and Nationality Act was issued on March 30, 1964; that the applicant, armed with this advance authorization for parole, departed from the United States on May 14, 1964; that he returned on June 7, 1964, at which time he surrendered the advance authorization for parole (Form I-512), and was paroled into the United States for an indefinite period.

The applicant's testimony concerning the circumstances of his last departure from Cuba, and the reason he has given for his unwillingness to return to that country, have been accepted as credible. Therefore, the applicant is a refugee within the contemplation of section 203(a)(7)(A) of the Act, in that he fled from a Communist or Communist-dominated country (Cuba) because of persecution or fear of persecution on account of his anti-Communist political beliefs, and

he is unwilling to return to that country on account of his political opinion.

As indicated previously, the applicant was inspected and admitted to the United States when he arrived on January 22, 1961, and he was inspected and paroled into the United States when he last arrived in the United States on June 7, 1964. He has been examined and medically passed by physicians of the United States Public Health Service. He has been found to be admissible in all other respects (if an immigrant visa is available), after interview by a Service officer. Thus, if an immigrant visa is immediately available the applicant would appear to meet the requirements of section 245 of the Act, and the implementing regulations, for adjustment of status.

The nonpreference portion of the immigrant visa numbers available to natives of Poland is oversubscribed, and the applicant has requested that he be considered for a preference classification under the proviso to section 203(a)(7). Since he has been found to be a refugee within the purview of section 203(a)(7)(A), the only question which remains is whether the applicant has "been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status", as required by the proviso to section 203(a)(7).

The District Director's decision is based upon his interpretation that eligibility for adjustment pursuant to the proviso to section 203(a)(7) requires that the two-year period of continuous physical presence in the United States must occur *immediately preceding* the date of the application for adjustment of status. The District Director expressed concern that any other interpretation might result in ridiculous consequences whereby an alien who had at one time spent two continuous years physically present in the United States and had subsequently absented himself from this country for several years because of business interests, might return and claim eligibility under the proviso because of his prior period of continuous physical presence.

Since the application for adjustment of status was filed on January 18, 1966 and the applicant had been absent from this country from May 14, 1964 to June 7, 1964, within the two-year period preceding the filing of the application, the District Director felt he was compelled to deny that application. I do not concur in this interpretation, nor do I believe the expressed concern is warranted.

A comparison of the wording of the proviso with the wording of section 244(a)(1) of the Immigration and Nationality Act, as amended, reveals an obvious difference in language. The latter sec-

788

tion, dealing with the privilege of suspension of deportation, also requires a specified period of continuous physical presence in the United States as a prerequisite to eligibility for the benefit sought. However, the proviso to section 203(a)(7) states that it is applicable to "aliens who have been continuously physically present in the United States for a period of two years *prior to application for adjustment.*" Section 244(a)(1), by contract specifies that an application for suspension of deportation may be granted in the case of an alien who, *inter alia,* "has been physically present in the United States for a continuous period of not less than seven years *immediately preceding the date of such application.* . . ." (Underscoring added)

The conclusion is inescapable that Congress would have used in the proviso to section 203(a)(7) language similar to that found in section 244(a)(1), had Congress desired that the period of continuous physical presence required of refugees seeking adjustment of status must be *immediately preceding* the application for adjustment. In the absence of such language in the proviso or of a clear indication in the legislative history that such language was intended by Congress, the "plain meaning" rule of statutory construction dictates that the proviso does not require that the two-year period of continuous physical presence must be immediately prior to application for adjustment.

With respect to the concern expressed by the District Director, in the example cited by him, it is my opinion that he would be justified in holding that only physical presence in the United States which is a consequence of the alien's flight in search of refuge, could be considered as qualifying physical presence within the purview of the proviso; and that an alien who departed from the United States and returned must establish that during his absence there has been no change in his status as a refugee, as defined in section 203(a)(7).

In the instant case, I find that the applicant entered the United States on January 22, 1961, seeking refuge from the Communist government of Cuba; that he was physically present here uninterruptedly from that date until May 14, 1964, a continuous period in excess of two years; that his departure from the United States on May 14, 1964 and return on June 7, 1964, with advance authorization from the Service for his parole upon his return to this country, evidences that it was not his intent to give up his haven in the United States; and that this brief absence does not negate the fact that the applicant had acquired the continuous physical presence of at least two years prior to his application, required by the proviso to section 203(a)(7).

Having determined that the applicant is classifiable as a refugee, that he is in all respects eligible for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, and under the proviso to section 203(a)(7) of that Act, including the continuous physical presence requirement of the proviso, it is concluded that the Application for Classification as a Refugee and the Application for Status as Permanent Resident should be granted.

**ORDER:** It is ordered that the Application for Classification as a Refugee under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended, be granted.

*It is further ordered* that the Application for Status as Permanent Resident pursuant to the proviso to section 203(a)(7) and section 245 of the Immigration and Nationality Act, as amended, be granted.